FILED

2015 JUL -8 P 12: 13

MAUREEN G. KELLY
LAKE CO. CLERK OF COURT

In Lake County Court of Common Pleas
Lake County Ohio

BRYAN ANTHONY REO )
7143 Rippling Brook Lane )
Mentor, Ohio 44060 )
 )
 ) Case No: 15CV000962
Plaintiff, )
 )
 ) JURY DEMAND REQUESTED
v. )
 )
 ) FIRST AMENDED COMPLAINT
 ) (Unlawful Telemarketing)
JUST ENERGY INC )
6345 Dixie Road Suite 200 )
Mississauga, Ontario CD L5T 2E6 )
 )
Defendant. )

## FIRST AMENDED COMPLAINT

BRYAN ANTHONY REO (Plaintiff), alleges the following against JUST ENEGRY INC (Defendant):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act, *47 U.S.C. 227 et seq.* (TCPA), and the Ohio Consumer Sales Practices Act ORC § 1345.02 and ORC § 1345.09(B).

### JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to *47 U.S.C. 227(3)(a)*, which states "A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an

1

**EXHIBIT**

B

appropriate court of that State, an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation."

3. Because Defendant conducts business in Ohio, personal jurisdiction is established. Defendant also directs telecommunications solicitation calls into Ohio at an Ohio resident.

4. Venue is proper pursuant to *47 U.S.C. 227(3)(a)*.

## PARTIES

5. Plaintiff is a natural person who resides in Mentor, Lake County, Ohio and is being called by Defendant in violation of the TCPA, and Plaintiff is a "person" as that term is used in *47 U.S.C. 227(3)*.

6. Pursuant to the definitions outlined in *47 U.S.C. 227a(1-5)*, Defendant is engaged in electronic telecommunication solicitation for the purpose of delivering unsolicited auto-dialed recorded messages directed to Plaintiff on his telephone in express violation of *47 U.S.C. 227b(3)*.

7. Defendant Just Energy Inc is a corporate entity headquartered in Mississauga, Ontario in Canada with extensive operations throughout the United States and particularly Ohio.

8. Defendant is engaged in the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person, and is engaged in "telephone solicitation" as that term is defined by *47 U.S.C. 227a(4)*.

9. Defendant is a telephone solicitor that in the ordinary course of business, regularly, on behalf of itself or others, engages in telephone solicitation.

2

## FACTUAL ALLEGATIONS

10. Defendant contacted Plaintiff on 4th June 2015 at approximately 2:34 pm EST and initiated an unsolicited auto-dialed sales call involving a human employee.

11. Defendant asked Plaintiff questions about his First Energy utility account.

12. Defendant identified themselves as being with Just Energy and stated they were an energy supplier and would save Plaintiff money if he would get a copy of his recent bill and read his account number. They said they would switch Plaintiff's energy supplier.

13. Plaintiff inquired if Defendant was an affiliate or authorized agent of First Energy, Defendants insisted that they were working on behalf of First Energy.

14. When Plaintiff requested to know where Defendant was located, what state they were operating from, Defendants promptly terminated the call. Plaintiff recorded the entirety of the call with Defendant from 4th June 2015 and will be entering it as evidence.

15. Defendants spoofed the caller ID and displayed the name "Richard" instead of an actual business name, and displayed a fake number that resolves to California. A screenshot of this spoofed caller ID display has been attached as Exhibit 1.

16. Plaintiff subsequently contacted First Energy's legal department which has been unable to verify any of the claims made by Defendant.

17. Defendant contacted Plaintiff again on 2nd July 2015 with an auto-dialer, using a spoofed caller ID displaying the name ATT, with the call originating from the number 333-079-4089, they identified themselves as Just Energy and initiated a sales call regarding the Dominion Energy gas account. A screenshot of this spoofed caller ID display has been attached as Exhibit 2.

18. During the call Plaintiff asked if they were Commerce Energy, doing business as Just Energy, from Ontario, Canada, Defendant denied this.

19. Plaintiff informed Defendant that his phone was registered with the FTC National Do Not Call list, Defendant declared they had a right to contact Plaintiff as his number and information had been sold to them, they then terminated the call. Plaintiff recorded the entirety of the call with Defendant from 2nd July 2015 and will be entering it as evidence.

20. Defendant contacted Plaintiff despite the fact that Plaintiff's number has been registered with the FCC's National "Do Not Call" Registry for quite some time.

21. Defendant delivers unsolicited and unauthorized calls to Plaintiff at telephone number: 440-352-6060. Plaintiff's phone.

22. Defendant makes calls to Plaintiff from telephone number 909-748-5386 and 333-079-4089.

## COUNT I
## DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT

23. Defendant violated the TCPA based on the following:

    a. Defendant violated *§227(b)(1)* of the TCPA by engaging in conduct the natural consequence of which was to utilize Plaintiff's phone resources and rob him of his time.

    b. Defendant violated *§227(b)(1)* of the TCPA by causing a phone to ring and engaging Plaintiff with unsolicited unauthorized auto-dialed sales calls.

    c. Furthermore, Plaintiff alleges that the violation was willful with a disregard to TCPA and the Do Not Call registry. Defendants lacked express prior written consent to contact Plaintiff with calls delivered by an auto-dialer. Furthermore,

4

Plaintiff is on the National Do Not Call Registry and the Defendants, being telemarketers, are expected to conform to and abide by the rules and regulations for telemarketing.

d. For the purposes of the law these violations were willful. The Ohio Supreme Court has adopted a definition requiring only that the defendant knew of the facts that constituted the offense, not that the defendant knew that this conduct violated the law. See *Charvat v. Ryan*, 879 N.E.2d 765, 770 (Ohio 2007).

e. Defendant committed 2 violations of Count I.

## COUNT II
## DEFENDANT VIOLATED 47 CFR 64.1200(d)(6)

24. Defendant violated 47 CFR 64.1200(d)(6) based on the following:

a. Defendant violated *47 C.F.R. 64.1200(d)(6)*, by failing to maintain a do-not call list. Specifically they called Plaintiff despite his number being on the National Do Not Call Registry.

b. Furthermore, Plaintiff alleges that the violation was willful with a disregard to the TCPA and the relevant section of the CFR. The Defendants have the ability to obtain the National Do Not Call list and to scrub their calling database against it.

c. For the purposes of the law these violations were willful. The Ohio Supreme Court has adopted a definition requiring only that the defendant knew of the facts that constituted the offense, not that the defendant knew that this conduct violated the law. See *Charvat v. Ryan*, 879 N.E.2d 765, 770 (Ohio 2007).

d. Defendant committed 2 violations of Count II.

5

## COUNT III
## DEFENDANT VIOLATED 47 CFR 64.1200(d)(4)

25. Defendant violated 47 CFR 64.1200(d)(4) based on the following:

   a. Defendant violated *47 C.F.R. 64.1200(d)(4)*, by failing to disclose their address when Plaintiff asked where they were operating. Instead of disclosing their address they terminated the call by hanging up on Plaintiff.

   b. Furthermore, Plaintiff alleges that the violation was willful with a disregard to the TCPA and the relevant section of the CFR. The Defendants have the ability to decide whether or not to make the necessary disclosures required under the law or whether to simply terminate the call by hanging up when they are asked for an address.

   c. For the purposes of the law these violations were willful. The Ohio Supreme Court has adopted a definition requiring only that the defendant knew of the facts that constituted the offense, not that the defendant knew that this conduct violated the law. See *Charvat v. Ryan*, 879 N.E.2d 765, 770 (Ohio 2007).

   d. Defendant committed 2 violations of Count III.

## COUNT IV
## DEFENDANT VIOLATED THE OHIO CONSUMER SALES PRACTICES ACT

26. Defendant violated the OCSPA based on the following:

   a. Defendant violated the Ohio Consumer Sales Practices Act ORC § 1345.02 and ORC § 1345.09(B) by "knowingly failing to provide disclosures required under state and federal law" in that they did not provide disclosure of the location where they were operating when Plaintiff requested that they disclose their

6

   address.

   b. Furthermore, Plaintiff alleges that the violation was willful with a disregard to the TCPA. Defendants have the ability to decide whether or not to make a meaningful disclosure as required under the relevant law.

   c. For the purposes of the law these violations were willful. The Ohio Supreme Court has adopted a definition requiring only that the defendant knew of the facts that constituted the offense, not that the defendant knew that this conduct violated the law. See *Charvat v. Ryan*, 879 N.E.2d 765, 770 (Ohio 2007).

   d. Defendant committed 2 violations of Count IV.

## COUNT V
## DEFENDANT VIOLATED THE OHIO CONSUMER SALES PRACTICES ACT

27. Defendant violated the OCSPA based on the following:

   a. Defendant violated the Ohio Consumer Sales Practices Act ORC § 1345.02 and ORC § 1345.09(B) by "knowingly failing to provide disclosures required under state and federal law" in that they did not provide disclosure of their true business identity on the caller ID, instead opting to spoof it with the name "Richard" which is not the name of their business, and then spoofing it with the name "ATT" during the second call when their business is not ATT.

   b. Furthermore, Plaintiff alleges that the violation was willful with a disregard to the TCPA. Defendants have the ability to decide whether or not they will spoof a caller ID.

   c. For the purposes of the law these violations were willful. The Ohio Supreme Court has adopted a definition requiring only that the defendant knew of the facts that

constituted the offense, not that the defendant knew that this conduct violated the law. See *Charvat v. Ryan*, 879 N.E.2d 765, 770 (Ohio 2007).

d. Defendant committed 2 violations of Count V.

## COUNT VI
## DEFENDANT VIOLATED THE OHIO CONSUMER SALES PRACTICES ACT

28. Defendant violated the OCSPA based on the following:

   a. Defendant violated the Ohio Consumer Sales Practices Act ORC § 1345.02 and ORC § 1345.09(B) by "knowingly failing to provide disclosures required under state and federal law" in that they did not provide disclosure of their actual phone number on the caller ID when they spoofed it to show a number in California rather than their actual number in Ohio or Ontario. They then spoofed their number during the second call.

   b. Furthermore, Plaintiff alleges that the violation was willful with a disregard to the TCPA. Defendants have the ability to decide whether or not they will spoof a caller ID with a fake phone number.

   c. For the purposes of the law these violations were willful. The Ohio Supreme Court has adopted a definition requiring only that the defendant knew of the facts that constituted the offense, not that the defendant knew that this conduct violated the law. See *Charvat v. Ryan*, 879 N.E.2d 765, 770 (Ohio 2007).

   d. Defendant committed 2 violations of Count VI.

## COUNT VII
## DEFENDANT VIOLATED THE OHIO CONSUMER SALES PRACTICES ACT

29. Defendant violated the OCSPA based on the following:

   a. Defendant violated the Ohio Consumer Sales Practices Act ORC § 1345.02 and ORC § 1345.09(B) by violating the Telephone Consumer Protection Act such that each violation of the TCPA is also a per se violation of the OCSPA.

   b. Furthermore, Plaintiff alleges that the violation was willful with a disregard to the TCPA. Defendants have the ability to decide whether or not they will dispatch a copy of their policies upon request.

   c. For the purposes of the law these violations were willful. The Ohio Supreme Court has adopted a definition requiring only that the defendant knew of the facts that constituted the offense, not that the defendant knew that this conduct violated the law. See *Charvat v. Ryan*, 879 N.E.2d 765, 770 (Ohio 2007).

   d. Defendant committed 6 violations of Count VII.

WHEREFORE, Plaintiff, BRYAN ANTHONY REO respectfully requests judgment be entered against Defendant JUST ENERGY INC, for the following:

30. Statutory damages of $500.00 for the aforementioned violations from Count I pursuant to the Telephone Consumer Protection Act, *47 U.S.C. 227(c)(5)*, for a total amount of $1,000 dollars from Count I.

31. Treble damages for the violations from Count I as they were willful or knowing [raising the total amount of damages from Count I to **$3,000.00 dollars**].

32. Statutory damages of $500.00 for the aforementioned violation from Count II pursuant to the Telephone Consumer Protection Act, *47 U.S.C. 227(c)(5)*, for a total amount of $1,000 dollars from Count II.

33. Treble damages for the violation from Count II as they were willful or knowing [raising the total amount of damages from Count II to **$3,000.00** dollars].

34. Statutory damages of $500.00 for the aforementioned violations from Count III pursuant to the Telephone Consumer Protection Act, *47 U.S.C. 227(c)(5)*, for a total amount of $1,000 dollars from Count III.

35. Treble damages for the violations from Count III as they were willful or knowing [raising the total amount of damages from Count III to **$3,000.00** dollars].

36. Statutory damages of $200.00 for the violations in Count IV pursuant to the Ohio Consumer Sales Protection Act, ORC 1345.09 for a total amount of $400.00 in damages from Count IV.

37. Treble damages for the violations from Count IV [raising the total amount of damages from Count IV to **$1,200.00** dollars]

38. Statutory damages of $200.00 for the violations in Count V pursuant to the Ohio Consumer Sales Protection Act, ORC 1345.09 for a total amount of $400.00 in damages from Count V.

39. Treble damages for the violations from Count V [raising the total amount of damages from Count V to **$1,200.00** dollars]

40. Statutory damages of $200.00 for the violations in Count VI pursuant to the Ohio Consumer Sales Protection Act, ORC 1345.09 for a total amount of $400.00 in damages from Count VI.

41. Treble damages for the violations from Count VI [raising the total amount of damages from Count VI to **$1,200.00** dollars]

42. Statutory damages of $200.00 for the violation in Count VII pursuant to the Ohio Consumer Sales Protection Act, ORC 1345.09 for a total amount of $1,200.00 in damages from Count VII.

43. Treble damages for the violations from Count VII [raising the total amount of damages from Count VII to **$3,600.00** dollars].

44. The total amount in damages [presently **$16,200.00** dollars] may be modified at a later date after discovery when Plaintiff has obtained specific and exact records from Defendant as to all calls initiated in recent months, as the offenses occur when the calls are initiated, not when they are received, and Plaintiff, upon information and belief, believes that the Defendant has initiated additional calls in the past. Plaintiff will be using discovery to obtain dialing records from the Defendant.

45. Injunctive relief against being called again.

46. Any applicable legal fees, filing fees, court costs, and other associated fees that Plaintiff may incur from bringing forth and conducting this complaint. Plaintiff may also be retaining legal counsel and will be seeking an award of Attorney's fees pursuant to the Ohio Consumer Sales Practices Act which provides for an award of attorney's fees.

47. Any other relief that this Honorable Court deems appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff, BRYAN ANTHONY REO, requests a jury trial in this case.

                                  RESPECTFULLY SUBMITTED,

                                  *Bryan Reo*   7/8/2015

Bryan Anthony Reo
7143 Rippling Brook Lane
Mentor, Ohio 44060
Phone (440) 313-5893
E-Mail: breo08@jcu.edu
Plaintiff

Exhibit 1



Exhibit 2

